```
UNITED STATES DISTRICT COURT                                      C/M
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
  In re:                                                   :
                                                           :   Chapter 13
  DAWSON HUBER COLEMAN, JR.                                :   Case No. 19-47236 (CEC)
  a/k/a Butch Coleman,                                     :
                                                           :
                                                           :
                    Debtor.                                :
-----------------------------------------------------------X
  DAWSON HUBER COLEMAN, JR.,                               :
                                                           :
                    Appellant,                             :
          - against -                                      :
                                                           :   20-cv-1204 (BMC)
  JP MORGAN CHASE BANK N.A.;                               :
  PERFORMANT RECOVERY, INC.; and                           :
  STATE OF NEW YORK DMV,                                   :
                                                           :
                    Appellees.                             :
                                                           :
-----------------------------------------------------------X
  DAWSON HUBER COLEMAN, JR.,                               :
                                                           :
                    Appellant,                             :
          - against -                                      :
                                                           :   20-cv-1205 (BMC)
  JP MORGAN CHASE BANK N.A.;                               :
  PERFORMANT RECOVERY, INC.; and                           :
  STATE OF NEW YORK DMV,                                   :
                                                           :
                    Appellees.                             :
                                                           :
-----------------------------------------------------------X
```

**MEMORANDUM DECISION AND ORDER**

**COGAN**, District Judge.

Dawson Huber Coleman Jr., proceeding *pro se*, appeals from what he describes as "two orders" from the Bankruptcy Court "denying my timely submitted requests for certain entitlements" under New York state law and from "the dismissal of my Chapter 13 case."

Although he has filed identical appellants' briefs in each of these appeals, he has not designated the record on appeal as required by Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8009(a)(1) or the scheduling order of this Court. Nevertheless, in light of his *pro se* status, I have reviewed the publicly filed documents in the Bankruptcy Court to ascertain whether there might be a viable challenge to any of the Bankruptcy Court's Orders. There is not.

**I.     The Bankruptcy Case**

The bankruptcy docket discloses that Coleman filed for voluntary relief under Chapter 13 of the Bankruptcy Code on December 2, 2019. By notice dated the same date, the Bankruptcy Clerk notified Coleman that his filing was deficient for 15 different reasons, mostly pertaining to missing schedules and financial statements that are available as official forms, but also filing fees and other requirements. Coleman apparently cured some of these deficiencies, obtaining an Order from Chief Bankruptcy Judge Craig allowing the payment of filing fees in installments, and another order granting him a 30-day exemption from mandatory credit counseling.

However, he never filed his schedules (A/B, D, E/F, I, and J), the required Statement of Financial Affairs, Statement of Current Monthly Income and Means Test Calculation, and copies of his wage statements for 60 days prior to filing.[1] The Clerk provided him with "Final Notice" of these deficiencies on or about January 2, 2020. The notice warned him that failure to file the required documents within 45 days "may result in the case being dismissed without further notice or hearing," unless he obtained an extension.

---

[1] It may be that Coleman had no pay stubs because he was not working. There is no reference to employment on the docket, and his brief notes a term of incarceration. Of course, to qualify for Chapter 13 relief, a debtor must have wages or a reasonable expectation that he will be receiving wages. See 11 U.S.C. § 101(30), 109(e); In re Taneja, 789 F. App'x 907, 909 (2d Cir. 2019).

He moved for an extension of 45 days on January 14, 2020. At the same time, he filed a second motion for what he called an "acknowledgment of my entitlement for set-off/discharge pursuant to 11 U.S.C. § 553(a)." That motion is not nearly comprehensible. My best guess is that he was asking to be relieved of some tax liability, or offset some future tax liability by reason that he had already paid, or perhaps recover money from the IRS as a result of his prior payment. Whether he was seeking one of these or something else, it seems likely that he thought that his bankruptcy court petition formed the basis for this relief.

The day after Coleman filed these two motions, his appointed Chapter 13 Bankruptcy trustee filed a motion to dismiss the Chapter 13 case because of Coleman's failure, among other things, to file the required schedules and other documents, as well as his failure to appear at the initial meeting of creditors, known as a "341 meeting." Coleman filed an opposition to the motion to dismiss. It is also impossible to fully understand, but it appears to suggest that (1) the Trustee hadn't done his job in an earlier bankruptcy case filed by Coleman's wife;[2] and (2) Coleman had tried unsuccessfully to attend the 341 meeting.

The trustee's motion to dismiss came on for hearing on February 4, 2020, with Coleman appearing in opposition. Coleman has not provided me with a transcript nor advised me what happened. The minute entry on the docket indicates that the motion was granted, and Chief Judge Craig signed a short form Order confirming the dismissal on February 7, 2020. That Order does not reference Coleman's two pending motions, nor is their disposition noted

---

[2] Thecla Forbes Coleman a/k/a Lucy Coleman filed a Chapter 13 petition on January 17, 2017. It was dismissed automatically under 11 U.S.C. § 521(i)(1) for failure to file required documents. See In re Thecla Forbes Coleman, No.17-43823 (Bankr. E.D.N.Y. Oct. 12, 2017). Coleman's brief in the instant appeal asserts that his wife's earlier case was dismissed because he was imprisoned at the time and the bankruptcy court would not allow him to appear by teleconference.

3

anywhere else on the docket, although it is possible that they were disposed of orally at the February 4th hearing.

This appeal followed.

## II. Coleman's brief on appeal

Unfortunately, Coleman's brief on this appeal is only a bit more comprehensible than his bankruptcy court filings. First, he notes that in his wife's prior Chapter 13 case (see fn. 2 supra), he filed proposed schedules and a Chapter 13 plan. The Chapter 13 plan "proposed that the court compel the liquidation of the initial chattel UCC security contracts to settle creditor claims." I do not know to what UCC security contracts or creditor claims he is referring. But to the extent he is seeking to complain about the dismissal of his wife's Chapter 13 case nearly four years ago, he obviously cannot do that here. The time to appeal has long passed, see Bankruptcy Rule 8002, and he has no standing to represent his wife in any event. See 28 U.S.C. § 1654; Iannaccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998).

The most viable argument he may be raising is that since he has shown that he was able to make the necessary filings in his wife's prior case, Judge Craig should have granted his motion for more time here, on the theory that having done it once, he could do it again. He has not told me that there was, in fact, a ruling on his motion, but I will assume it was effectively denied, either as moot or on the merits.

The standard for reviewing a bankruptcy court order denying an extension of time is abuse of discretion. See In re Enron Corp., 419 F.3d 115, 124 (2d Cir. 2005). I cannot find that the bankruptcy court abused its discretion by not allowing an extension based on defendant's

4

motion. The motion, as noted above, simply did not make enough sense to warrant an extension. Perhaps more importantly, his wife's case was also dismissed for failure to make required filings.

Finally, there is an argument in Coleman's brief that I am unable to understand at all. He has annexed a copy of a peculiar "Security Agreement" to his brief in which he is on both sides of the transaction – he is listed as the "Debtor" and also as the "Secured Party". But I cannot tell what property or interest in property is the subject of this agreement. It bears a faint resemblance to an assignment for the benefit of creditors, but of course, one cannot assign one's own property to oneself to escape creditors. To the extent that Coleman wanted the bankruptcy court to find otherwise, any such argument is frivolous.[3]

It is well-established that *pro se* litigants have to be given reasonable accommodations, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006), and I see no reason why that principle would apply with any less force to a *pro se* bankruptcy appellant. But it is equally well-established that even a *pro se* litigant must be able to provide the Court with sufficient factual information so that the Court can ascertain whether there are any meritorious arguments. See United States v. Bethea, 388 F. App'x 20, 21 (2d Cir. 2010) ("[A]lthough we construe *pro se* submissions liberally, we do not create arguments out of whole cloth."). Coleman has not done that here.

## CONCLUSION

The Order of the Bankruptcy Court (Craig, C.B.J.) dated February 7, 2020, is AFFIRMED. The Court certifies that an appeal from this Order would not be taken in good

---

[3] I am also unable to understand the caption that Coleman chose for these cases, as neither his brief nor the bankruptcy court docket reference J.P. Morgan Chase Bank N.A., the State of New York's Department of Motor Vehicles, or Performant Recovery Inc., except that an attorney for Chase filed a notice of appearance.

faith, and therefore *in forma pauperis* status is denied for purposes of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
      September 15, 2020